```
                  UNITED STATES DISTRICT COURT
               FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TINA CARLUCCI,              :    CIVIL NO. 1:07-CV-0141
                            :
          Plaintiff         :    (Judge Caldwell)
                            :
     v.                     :    (Magistrate Judge Smyser)
                            :
SOCIAL SECURITY             :
ADMINISTRATION,             :
                            :
          Defendant         :
```

**REPORT AND RECOMMENDATION**

The plaintiff commenced this social security appeal by filing a complaint on January 25, 2007. The defendant filed an answer on April 2, 2007. In response to this court's order of June 14, 2007 the defendant filed a certified copy of the administrative record on June 15, 2007.

Pursuant to the Procedural Order issued January 25, 2007 and Local Rule 83.40.4, the plaintiff's appeal brief was due on or before July 31, 2007. No brief has been filed. On August 14, 2007, we issued an Order to the plaintiff to show cause on or before August 27, 2007 why this case should not be dismissed. The plaintiff has not responded to the August 14, 2007 Order.

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action where the plaintiff fails to prosecute or fails to comply with rules or orders of the court.  The plaintiff has failed to prosecute this action and has failed to respond to the court's Order of August 14, 2007.  The case should be dismissed pursuant to Fed.R.Civ.P. 41(b).

In *Stackhouse v. Mazurkiewicz*, 951 F.2d 29 (3d Cir. 1991), the court reversed the district court's dismissal for the *pro se* plaintiff's failure to file a brief in accordance with former Rule 401.6, Rules of Court, M.D. Pa.  The court stated that failure to obey the local rule should not form the basis for dismissal without an analysis of the merits of the case.  The court noted that dismissal was not to be ruled out if the party was represented by an attorney and in fact did not oppose the motion.  "Nor do we suggest that if a party fails to comply with the rule after a specific direction to comply from the court, the rule cannot be invoked.  Thus, our holding is not broad."  951 F.2d at 30.

In this case, the plaintiff was specifically ordered to show cause why this case should not be dismissed and she has not done so.

2

The Third Circuit has applied the same general analysis, using some or all of the six part test enunciated in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984), in reviewing all orders which deprive a party of the right to proceed with or defend a claim. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1148 (3d Cir. 1990). The *Poulis* factors the court should consider are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.*

The plaintiff's dilatoriness outweighs any of the other considerations set forth in *Poulis*. The plaintiff's failure to file a brief or to show cause why this case should not be dismissed indicates a lack of intent to prosecute this case.

Based on the foregoing, it is recommended that the action be dismissed pursuant to Fed.R.Civ.P.41(b).

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:  September 7, 2007.